Christopher M. McMonagle, Esq.
Stern & Eisenberg, PC
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Telephone: (215) 572-8111
Facsimile: (215) 572-5025

### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE EASTERN DISTRICT OF PENNSYLVANIA
### (PHILADELPHIA)

| | |
|---|---|
| IN RE:<br><br>    MARK J. QUINN<br><br>    DIANE P. GRAY-QUINN<br>               DEBTORS | CHAPTER 13<br><br>CASE NUMBER: 17-11815-JKF |

**Motion of Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-13ATT For Relief from the Automatic Stay under 11 U.S.C. §362(d) (and 11 USC §1301) With Respect to Property: 829 12TH AVENUE, PROSPECT PARK, PA 19076**

    Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-13ATT, through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its Motion for Relief and in support thereof respectfully represents as follows:

1. Movant is Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-13ATT (hereafter referred to as "Movant").

2. Debtors, Diane P. Gray-Quinn and Mark J. Quinn (hereinafter, "Debtors"), are, upon information and belief, adult individuals whose last-known address is 829 12th Avenue, Prospect Park, PA 19076.

3. On October 30, 2003, Debtor Diane P. Gray-Quinn, executed and delivered a Note in the principal sum of $119,920.00 to Wells Fargo Home Mortgage, Inc. A copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

4. As security for the repayment of the Note, Debtor Diane P. Gray-Quinn and Mark J. Quinn, executed and delivered a Mortgage to Wells Fargo Home Mortgage, Inc. The Mortgage was duly recorded in the Office of the Recorder of Deeds in and for Delaware County on November 7, 2003 in Book 3004, Page 1242 and/or Instrument 2003150246. A copy of the Mortgage is attached as Exhibit "B" and is hereby incorporated by reference.

5. The Mortgage encumbers Debtor's real property located at 829 12th Avenue, Prospect Park, PA 19076.

6. By assignment of mortgage, the loan was ultimately assigned to Movant. A true and correct copy of the assignment is attached as Exhibit "C" and is hereby incorporated by reference.

7. Debtors filed the instant Chapter 13 Bankruptcy on March 15, 2017 and, as a result, any state court proceedings were stayed.

8. It is believed and therefore averred that Debtors filed the instant bankruptcy as an additional delay to prevent Movant from proceeding with the state court proceedings or otherwise institute proceedings as allowed under the Mortgage.

9. Debtor's mortgage loan is in default and is currently due for the March 1, 2018 payment and each subsequent payment through the date of the motion. Debtors have failed to make the following post-petition payments to Movant:

**POST-PETITION PAYMENTS IN DEFAULT**

| | |
|---|---|
| Monthly Payments in Default........................ | 03/01/2018 to 02/01/2019 |
| Monthly payments ($1,460.79 x 12) | $17,529.48 |
| Suspense Balance:........................ | ($1,319.68) |
| Total Amounts Due as of February 26, 2019: | $16,209.80 |

10. In addition, Movant has incurred counsel fees and costs in association with Debtor's default and this motion.

11. As a result of the Debtor's default and failure to make payments or to otherwise adequately provide for Movant in the bankruptcy filing, Movant is not adequately protected and is entitled to relief.

12. Further, the Debtors' Schedule D indicates a valuation of the property in the amount of $133,384.50, with Movant's lien against the property in the amount of $136,214.92. Accordingly, there is no equity in the Property and the property is not necessary for an effective reorganization. A copy of the Debtor's Schedule D is attached as Exhibit "D" and incorporated herein by reference.

13. To the extent the Court does not find that relief is appropriate, then Movant requests that the stay be conditioned such that in the event the Debtors fall behind on post-petition payments or trustee payments that Movant may receive relief upon default by the Debtors of the terms of the conditional order.

14. Movant requests that the stay of Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 from the automatic stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(3).

Stern & Eisenberg, PC

By: /s/ Christopher M. McMonagle, Esq.
Christopher M. McMonagle, Esq.,
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 316043
Email: cmcmonagle@sterneisenberg.com

Date: March 4, 2019